## Leavenworth *v.* Kingsbury.

### In the Court below,

JOHN KINGSBURY, and the rest of the inhabitants of the town of Waterbury, *Plaintiffs*; WILLIAM LEAVENWORTH, *Defendant*.

THIS was an action of *assumpsit* upon an *insimul computassent*.

The defendant pleaded in bar, " that at and before said " reckoning was made, he, the defendant, had in his hands " several papers, to wit, notes, executions, rate-bills, &c. " which had, before that time, been delivered to him, by the " select-men, or agents, of said town, for the purpose of col-" lecting and paying over the avails to the state treasurer ; " and the defendant did, before said reckoning, collect and " pay over to said treasurer to a large amount : and at " the time of said reckoning, the defendant had in his hands " of the aforesaid papers to the amount of the sum said to " be due in said reckoning. And soon after said reckoning, " the defendant declined making any further collections on " said papers, and proposed to the select-men of said town " to deliver up to them the remainder of said papers, notes, " executions, &c. on condition, that they would release the " defendant from said reckoning. And in pursuance of said " proposition, it was, on or about the 19th of April, 1794, " accorded and agreed, by and between *Street Richards*, then " a select-man of said town, and in behalf of said town, being " fully authorized by law, and said town, and the defendant, " that if the defendant would deliver up to the said select-" man the papers and accounts, that he then held, which re-" lated to the balances of the state taxes, of which *Ira Beebe* " was collector, to the said select-man, the select-man would " receive them in full satisfaction of the debt and duty con-

The select-men of a town are not authorized, by virtue of their office merely, to make a settlement of the claims of the town.

" tained in said reckoning.   And the defendant says, that he
" did, on or about the said 19th day of April, 1794, in pur-
" suance of said accord and agreement,  and in fulfilment
" thereof, deliver up to said select-man all the papers and ac-
" counts that related to the balances of state taxes, of which
" *Ira Beebe* was collector :  And the said select-man did then
" receive said papers and accounts as aforesaid, in full satis-
" faction of the debt and duty contained in said reckoning,
" being fully authorized as aforesaid."

The plaintiffs traversed this plea ; and thereupon issue
was joined.

On the trial, the defendant, for the purpose of shewing
the agency and authority of *Richards*, offered to prove, that
he was duly appointed a select-man, and that the other se-
lect-men authorized him, in behalf of themselves and the
town, to settle with the defendant, and to receive the papers
and accounts mentioned in the plea.   To this evidence the
plaintiffs objected as being irrelevant ; and the Court ruled
it out.   The defendant excepted to this decision ; and a ver-
dict being found against him, filed his bill of exceptions.

*Baldwin*, and *Smith*, (of New-Haven,) for the plaintiffs in
error.

There is no question but that the evidence offered was
proper in its nature.   It was proper, also, to support the is-
sue.   Whether that issue was material, or not, is a distinct
consideration, which is not necessary now to go into.   One
of the facts, which we offered to prove, was, that *Street Ri-
chards* was one of the select-men of Waterbury.   This fact
was a material part of the issue.   We ought then to have
been permitted to prove it.

If the select-men were authorized, by law, to make the
adjustment stated in the plea, the rest of the evidence was
clearly relevant and admissible.

The act of *Richards*, one of the select-men, in making this adjustment, was the act of the board. He acted by their direction. In contemplation of law, *they* did the act. We have specified the *mode* in which they did it.

Though no statute has expressly invested select-men with the particular authority for which we contend, it necessarily results from the nature of their office, their general powers, and duties. It is involved in their power " to take care of and order the prudential affairs of their town." It may be inferred from other particular powers, which are expressly given. By the statute concerning *rates*, (*a*) the select-men are authorized to receive back rate-bills from collectors. They must, of course, have power to make a settlement with them. By another statute, (*b*) the select-men are invested with the high authority to tax the town, in certain cases, and to grant warrants for collection.

The power in question must, of necessity, be lodged in the hands of individuals. It would be inconvenient in the extreme, not to say utterly impracticable, for the inhabitants of the town, assembled in town-meeting, to make bargains, settle accounts, and give discharges. If it be said, that a special agent may be appointed for these purposes; we answer, that the powers of towns are derived from statute no less than those of select-men; but no statute has *expressly* authorized towns to appoint such special agents. If implication is resorted to, *that* is equally, if not more strongly, in favour of the powers of select-men. An accord made with a special agent would be, at least, as questionable, as one made with the select-men.

*Smith*, (of Woodbury,) and *Bronson*, for the defendants in error.

1. The plea discloses nothing, which could be a defence. The accord, as stated, is defective in itself. *Leavenworth*

(*a*) *Stat.* 352, *edit.* 1796. *sect.* 14.     (*b*) *Ib.* 376.

had in his hands several notes, executions, rate-bills, &c. which had been delivered to him by the select-man. These he agreed to give up. What then? If they were of any value, it was his *duty* to give them up. But, it does not appear, that they were of any value; or, that the giving of them up would be of the least benefit to the town, or prejudice to *Leavenworth*.

Further, it does not appear, that he ever gave up the notes, executions, and rate-bills, which he states, that he had in his hands, and proposed to give up. All that he gave up was, " the papers and accounts, that related to the balances " of state taxes, of which *Ira Beebe* was collector." It is not stated, that in these the town had any interest, or concern.

This Court will not reverse a judgment of the Superior Court, because they rejected testimony to support an idle and frivolous plea. It cannot be for the furtherance of justice to do so.

2. If the accord pleaded had been in itself sufficient, the select-men of the town, by virtue of their office merely, were not authorized to make it. The appointment of select-men generally, to take care of the prudential concerns of the town, does not give them unlimited powers. There are several statutes giving them *special* powers. This shews, that in the opinion of the legislature, they had not general powers before.

If select-men have power to give up claims, which the town has against others, they may bind the town to pay money.

It has frequently been decided, by the Superior Court, that select-men, as such, have not power to prosecute or defend suits, to which the town is a party. This can be done only by agents appointed specially for the purpose.

In the case of *Spencer* v. *Overton*, the judgment of the County Court was reversed by the Superior Court, because a letter, containing confessions of the select-men, was admitted in evidence against the town. When the case came here, this Court were unanimously of opinion, that the select-men had no authority to confess away the rights of the town, but reversed the judgment of the Superior Court, on the ground that *notice* to the select-men was notice to the town, and that the letter was proper to prove such notice. (c)

3. Granting that the select-men had this power, we contend, that they could not *delegate* it. It is not stated in the plea, nor was evidence offered to prove, that the accord was made by the select-men of the town, but by *Street Richards*, one of the select-men. No evidence was offered to shew, that the select-men afterwards assented to it, or in any way made the acts of *Richards* their own. The evidence offered was merely to shew, that one of the select-men went and re-settled, or rather, *unsettled*, what special agents, appointed by the town for that particular purpose, had before settled.

BY THE COURT, unanimously,

The judgment was affirmed.

(c) Vide *vol.* 1, *p.* 183.