EDGAR W. PINNEY vs. FREDERICK J. BROWN AND ANOTHER.

Hartford Dist., Jan. T., 1891. ANDREWS, C. J., CARPENTER, LOOMIS, SEYMOUR and TORRANCE, Js.

The selectmen of a town have no authority to appoint a superintendent of highways, nor an agent to act for the town.

Their powers are for the most part conferred by statute, and where they are they cannot go beyond the special limits of the statute. In other matters long usage has given them certain powers.

In either case their authority is in the nature of a personal trust to be performed by themselves. They have no power to appoint another to per-

form the duties that devolve upon them; and still less to appoint an agent to exercise powers of the town which they cannot exercise themselves.

There is no statute which provides for any such office in a town as that of "town agent," nor that defines any duty to be performed by such an officer.

A town may appoint an agent for any proper purpose, but it is necessary that it be done by a vote in a town meeting duly warned for that purpose.

Any action of a town in a legal town meeting of which notice was not given in the warning, has no legal effect.

[Argued January 7th—decided March 20th, 1891.]

AMICABLE SUBMISSION, upon an agreed statement of facts, of a question as to the title to certain offices; in the District Court of Waterbury. Reserved for advice. The case is fully stated in the opinion.

*S. W. Kellogg*, for the plaintiff.

*L. F. Burpee*, for the defendants.

ANDREWS, C. J. The annual meeting of the town of Waterbury for the year 1890 was holden on the first Monday, being the sixth day, of October of that year, pursuant to a notice which was as follows:—" Notice is hereby given to all the legal voters of the town of Waterbury that the annual meeting of said town will be held in the District Court Room, City Hall, on Monday, October 6th, 1890, at 8 o'clock in the forenoon, for the purpose of voting by ballot for assessors, members of the board of relief, selectmen, town clerk, town treasurer, agent of town deposit fund, auditors, grandjurors, constables, registrars of voters, school visitors, tax collector, and all other officers who must be chosen in such manner. Also to lay a tax for the payment of interest, the support of the common schools, and the current expenses of the town. Also to determine by ballot whether any person shall be licensed to sell spirituous and intoxicating liquors within said town. Also to accept or reject a proposed lay-out and change of highway along Chapel street

(so called,) made necessary by the location of the tracks of the Naugatuck and Waterbury Tramway Company, or to take such action in reference thereto as may seem proper. Also to transact any other business proper to come before said meeting."

There has been for many years in said town a standing vote that all officers to be elected at any annual town meeting shall be voted for by ballot, and all on one piece of paper, with which the voters undertook to comply at this town meeting. At the meeting Edgar W. Pinney was, and was declared to have been, elected first selectman. The other persons elected to be selectmen were Frederick J. Brown and Maurice Carmody. On all the ballots cast at said meeting there was the designation of an officer (or officers) as " For Town Agent and Agent of Town Deposit Fund." Under this designation Edgar W. Pinney received 1998 votes and Frederick J. Brown 2070 votes.

The annual town meeting was adjourned from the sixth to the thirteenth day of October, and on the latter day the following vote was passed. " *Voted*—That Robert Fruin be, and is hereby, appointed by the town, surveyor and superintendent of highways and bridges, and shall hold the office until the first Monday of October, 1895, at a salary of $1,000 per year. And in case said office shall during said term become vacant by death, resignation or otherwise, it shall be the duty of the selectmen to appoint some person to fill the vacancy until the next annual meeting." Said meeting was then adjourned without day.

At a meeting of the selectmen so chosen, held on the fifteenth day of October, it was moved by Mr. Brown and seconded by Mr. Carmody, that Robert Fruin be and is hereby appointed superintendent of highways and bridges for one year from October 6th, 1890, at a salary of $1,000 per year. Mr. Pinney refusing to entertain the motion, it was so voted, Mr. Brown and Mr. Carmody voting in the affirmative and Mr. Pinney refusing to vote. At another meeting of the selectmen held on the 11th day of November, 1890, on motion of Mr. Brown, seconded by Mr.

Carmody, Frederick J. Brown was appointed town agent, Mr. Pinney refusing to vote.

The town of Waterbury at a town meeting in October, 1845, adopted a certain plan to repair and maintain its highways and bridges for the term of five years. By the terms of this plan a "superintendent of highways and bridges" was designated and appointed for said term of years, and was empowered to let out the repairs of the highways and bridges to the lowest bidder.

This plan was successively adopted at the end of each period of five years, in meetings specially warned for that purpose, and was so adopted for the same term of years on the third day of January, 1884, in a vote which provided that the first selectman for the time being should be superintendent of highways and bridges. Under this vote the first selectman for the time being exercised all the powers and performed all the duties of superintendent of highways and bridges. The vote of 1884 has never been rescinded. Since the third day of January, 1884, the town has not provided at any annual or special meeting for the repairs of its highways and bridges. Since January, 1889, the selectmen have provided for such repairs, and the work has been done under the superintendence of the first selectman, who has received a special compensation therefor. During the year from October, 1889, to October, 1890, the first selectman has also performed the duties of town agent. But he has assumed such powers and duties concerning the highways and the town agency by sufferance of the board of selectmen, and not because of any positive action by them or by the town, unless the statutes or previous votes of the town conferred such authority. The selectmen took no action concerning the matter. Mr. Pinney, upon his election as first selectman, claimed to be superintendent of highways and bridges, and discharged the duties of that position until the fifteenth day of October, the other selectmen neither objecting nor assenting thereto.

On these facts an amicable suit was brought to the District Court of Waterbury and was reserved for the advice

of this court.   Two questions are presented :—whether
Edgar W. Pinney or Robert Fruin is the lawful superin-
tendent of highways and bridges for said town of Water-
bury; and whether said Pinney or Frederick J. Brown is
the lawful town agent of said town.

The first of these questions may be answered without hesi-
tation, that Mr. Pinney is the lawful superintendent of high-
ways and bridges in that town.   The vote at the annual town
meeting appointing Mr. Fruin was void for the reason that
there was nothing in the warning of that meeting to notify
the inhabitants that a superintendent of highways was to be
chosen.   Nor was there anything in it to indicate that any
action was to be taken respecting the care of highways and
bridges in the town.   In a town as large as Waterbury the
care of its highways and bridges is of great importance to
every tax-payer, as well by reason of the expense of such
care as by reason of the liability to which the town might
be subjected if the highways and bridges were not kept in
proper repair.   Section 33 of the General Statutes requires
that " the warning of every town meeting, annual or special,
shall specify the objects for which such meeting is to be
held."   This statute intends that the warning shall spe-
cify the matters to be acted on in order that all the inhabi-
tants may know in advance what business is to be transacted
at the meeting.   If the object of the meeting is specified in
the warning it will present a motive to the citizens to attend,
while on the other hand every one has the right to presume
that matters not mentioned in the warning will not be acted
on at the meeting.   It has been repeatedly decided that a
town meeting not warned agreeably to the mode designated
in the statute is no legal congregation of the town and its
acts at such a meeting are void ; and that at a meeting duly
warned for some purposes, if a vote is had upon some sub-
ject not specified in the warning, as to that vote the meet-
ing is void, and such vote has no legal effect and binds neither
the town nor its inhabitants.   *Hayden* v. *Noyes*, 5 Conn., 391,
396 ; *Willard* v. *Borough of Killingworth*, 8 id., 247, 253 ;
*South School District* v. *Blakeslee*, 13 id., 227 ; *Isbell* v. *N.*

*York & N. Haven R. R. Co.*, 25 id., 556, 563; *Wilson* v. *Waltersville School District*, 44 id., 157; *Brooklyn Trust Co.* v. *Town of Hebron*, 51 id., 22; *Wright* v. *North School District*, 53 id., 576; *Turney* v. *Town of Bridgeport*, 55 id., 415; *Town of Bloomfield* v. *Charter Oak Bank*, 121 U. S. R., 121; Dillon on Municipal Corporations, (4th ed.) §§ 266 to 269, and the cases cited in the notes.

Nor did the action of the selectmen give Mr. Fruin any right to the office of superintendent. The selectmen had no authority to make such an appointment. The selectmen of a town are, to be sure, its general prudential officers, and are charged with the duty of superintending the concerns of the town, but in so doing they act as the agents of the town and exercise a delegated authority. Their powers are for the most part conferred by some statute. In respect to the matters mentioned in these statutes they cannot go beyond the special limits of the statute. In other matters long usage has given to the selectmen of towns certain powers. In either case their authority is in the nature of a personal trust to be performed by themselves. They have no power to appoint another to perform the duties that devolve on them. And still less do they have authority to appoint an agent to exercise other powers of the town which they cannot themselves exercise. *Leavenworth* v. *Kingsbury*, 2 Day, 323; *Tomlinson* v. *Leavenworth*, 2 Conn., 292; *Griswold* v. *North Stonington*, 5 id., 367, 371; *Town of Union* v. *Crawford*, 19 id., 331; *Town of Burlington* v. *New Haven & Northampton Co.*, 26 id., 51; *Town of Sharon* v. *Town of Salisbury*, 29 id., 113; *Hine* v. *Stephens*, 33 id., 497; *Ladd* v. *Town of Franklin*, 37 id., 53; *Hoyle* v. *Town of Putnam*, 46 id., 56; *Town of Haddam* v. *Town of East Lyme*, 54 id., 34. See also "The Connecticut Civil Officer," under the title "Selectmen."

What we have already said substantially disposes of the other question, and shows that Mr. Brown cannot be town agent, either by the ballot at the town meeting or by the action of the selectmen. There is no statute that provides for any such office in a town as town agent; nor is there any

statute that defines any duty to be performed by such an officer.

Undoubtedly a town, like any other corporation, may appoint an agent for any proper purpose. Possibly a town might appoint an agent to perform any or all duties usually performed by the selectmen, except such as are specifically imposed on the selectmen by the constitution or by some statute. But the selectmen, being themselves agents, cannot appoint another, or one of themselves, to be an agent for their own town. That rule of law governs which is found in the maxim *delegata protestas non potest delegari.* Certainly they could not· unless specially empowered so to do. They would have no such authority by virtue of their general powers. And if the town itself desired to appoint an agent,·it would be necessary that it should be done by a vote in a town meeting duly warned for that purpose.

The District Court is advised that Mr. Pinney is superintendent of highways and bridges in the town of Waterbury; and that Mr. Brown is not town agent of that town.

In this opinion the other judges concurred.