KARL B. LEABO ET AL. *v.* STEPHEN LENINSKI ET AL.
(4008)

DUPONT, C. J., HULL and SPALLONE, Js.

Argued October 7—decision released December 16, 1986

*William F. Gallagher,* with whom, on the brief, were *Robert C. Mirto, Peter C. Barrett* and *Evelyn A. Barnum,* for the appellant (named defendant).

*Gordon A. Evans,* with whom, on the brief, was *Richard H. Lamere,* for the appellees (plaintiffs).

DUPONT, C. J. This case involves a lengthy and bitter dispute between the plaintiffs and the defendants which has already yielded two appellate level decisions from the courts of this state.[1] The issue of the present appeal is whether the trial court erred in the conduct of a hearing held to determine the award of damages pursuant to our remand on the issues of exemplary and compensatory damages.[2] The same trial court presided over the hearing on remand as presided at the original trial.[3] During the hearing, the plaintiffs introduced

[1] The full history of the dispute is enunciated in those previous appeals: *Leabo* v. *Leninski,* 182 Conn. 611, 438 A.2d 1153 (1981), and *Leabo* v. *Leninski,* 2 Conn. App. 715, 484 A.2d 239 (1984).

[2] The order in *Leabo* v. *Leninski,* 2 Conn. App. 715, 729, 484 A.2d 239 (1984) reads: "There is error in part on the appeal and on the cross appeal, the judgment is set aside and the case is remanded for a new hearing limited to a determination of that portion of the exemplary damages of the plaintiffs arising from preparation for the trial, the trial itself and preparation of the post-trial brief, and to a determination of compensatory damages for mental anguish and invasion of privacy suffered by the plaintiff Karl B. Leabo only."

The trial court, during the hearing on remand expressed its interpretation of the remand as follows: "This is a hearing on the remand of this Court made by the higher court on two subjects. One, they found error in my awarding of lump sum additional fee without sufficient evidence on the subject of the exact basis for the latter part of the charges made by plaintiffs' counsel without sufficient evidence as to just what went into that charge. Number two, they found error in my failing to award compensatory damages for the mental anguish and trouble suffered by the plaintiff and remanded for me to hear sufficient evidence to form a basis of a decision that they found I should have made on that subject. Instead of saying, as I did at the time, that it was impossible to, from the evidence that I heard, to make a specific award of damages in that amount."

[3] The appellant failed to assert any objection at the time of the new hearing concerning the qualification of the judge to conduct the hearing, and we will not review this claim of error. See *Alpha Crane Service, Inc.* v. *Capitol Crane Co.,* 6 Conn. App. 60, 77–78 n.10, 504 A.2d 1376, cert. denied, 199 Conn. 808, 508 A.2d 769 (1986). Indeed, the "failure to raise the issue of a referee's disqualification either before or during the trial 'can be construed as the functional equivalent of "consent in open court" ' to the referee's presiding over the trial. *Timm* v. *Timm,* 195 Conn. 202, 205, 487 A.2d 191 (1985)." *Seal Audio, Inc.* v. *Bozak, Inc.,* 199 Conn. 496, 517, 508 A.2d 415 (1986); see General Statutes § 51-39 (c). To hear such an assign-

new evidence on exemplary damages, in the form of detailed bills for legal services rendered in preparation for trial, the trial itself, and for the preparation of a posttrial brief, and new evidence on compensatory damages, in the form of testimony by the named plaintiff and several newspaper articles which detailed the dispute between the parties. The named defendant claims that the trial court erred in admitting this new evidence during the hearing on damages. We find no error.

Deciding whether the named defendant's claims can be sustained requires a determination of whether the trial court properly complied with our remand order. When a case is remanded for a rehearing, the trial court's jurisdiction and duties are limited to the scope of the order. *Bruno* v. *Civil Service Commission,* 192 Conn. 335, 343, 472 A.2d 328 (1984); *Manchester Modes, Inc.* v. *Ellis,* 2 Conn. App. 261, 477 A.2d 164 (1984). The trial court should not deviate from the directive of the remand. *Gary Excavating Co.* v. *North Haven,* 160 Conn. 411, 432, 279 A.2d 543 (1971). The direction expressed, however, in the Appellate Court's order must be interpreted in light of the court's opinion. *Nowell* v. *Nowell,* 163 Conn. 116, 121, 302 A.2d 260 (1972).

With respect to the exemplary damage claim, this court found that $2500 of an award of $13,541.10 was improperly awarded. *Leabo* v. *Leninski,* 2 Conn. App. 715, 722, 484 A.2d 239 (1984). This court stated that "we remand for a proper determination of the exemplary damages award." Id., 722. The reason that a "proper determination" was required was due to the

ment of error now would "amount to trial by ambuscade of the judge." *State* v. *DeGennaro,* 147 Conn. 296, 304, 160 A.2d 480, cert. denied, 364 U.S. 873, 81 S. Ct. 116, 5 L. Ed. 2d 95 (1960). The appellant should have asserted this ground for disqualification at the time of the hearing. See *Cameron* v. *Cameron,* 187 Conn. 163, 168, 444 A.2d 915 (1982); *McKiernan* v. *Caldor, Inc.,* 183 Conn. 164, 166, 438 A.2d 865 (1981).

fact that trial court had awarded fees "without evidence or personal knowledge of those items" and a rehearing was necessary "on this portion of the award." Id., 723. Thus, the remand order with respect to these damages stated that "the case is remanded for a new hearing limited to a determination of that portion of the exemplary damages of the plaintiffs arising from preparation for the trial, the trial itself and preparation of the post-trial brief . . . . " Id., 729.

This court, in light of the noted lack of evidence upon which a proper determination of exemplary damages could be made, ordered that a new hearing be held for a determination of such damages. "A 'hearing' is generally defined as a '[p]roceeding of relative formality . . . generally public, with definite issues of fact and of law to be tried, in which . . . *parties proceeded against have [a] right to be heard* . . . . ' (Emphasis added.) Black's Law Dictionary (5th Ed.)." *Herman* v. *Division of Special Revenue,* 193 Conn. 379, 382–83, 477 A.2d 119 (1984). Our order, in effect, constituted a reversal of the decision of the trial court to award the sum of $2500 as part of the total award for exemplary damages. The result of a reversal as to the amount of damages is a new trial, limited to the assessment of damages. *Hawley* v. *Rivolta,* 131 Conn. 540, 543, 41 A.2d 104 (1945); *Murray* v. *Krenz,* 94 Conn. 503, 508, 109 A. 859 (1920).

We find that the order was interpreted properly by the trial court. A new hearing was required so that the parties could be heard, and additional or new evidence could be taken for a "proper determination" of the award of exemplary damages.

With respect to compensatory damages, this court found error in the trial court's judgment which declined to award such damages "not because of a failure of proof . . . but because of the difficulty of arriving at

a monetary figure for them." *Leabo* v. *Leninski,* supra, 726. While the evidence presented at the previous trial may have provided a sufficient basis for an award of compensatory damages, that fact did not, of itself, preclude the trial court from taking additional evidence in the course of the new hearing. The remand order states that "the case is remanded for a *new hearing* . . . to . . . determin[e] . . . compensatory damages . . . . " (Emphasis added.) Id., 729. The trial court was directed to determine compensatory damages due the named plaintiff for mental anguish and invasion of privacy. It was within the discretion of the trial court to determine whether additional evidence was needed for such a determination.

The trial court properly heard evidence on exemplary and compensatory damages in the course of its new hearing. Although the named defendant claims that both awards were excessive, the thrust of his argument is that the evidence relating to those awards was inadmissible, rather than insufficient to support the awards. We have already determined that the evidence was admissible. Both the amount of the exemplary damages and the amount of the compensatory damages were supported by the evidence and were not excessive. A trial court has wide discretion, in cases involving torts, to establish that amount which gives a plaintiff fair, just, and reasonable compensation for his injuries. *Conaway* v. *Prestia,* 191 Conn. 484, 494, 464 A.2d 847 (1983).

There is no error.

In this opinion the other judges concurred.