[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PETITION FOR WRIT OF MANDAMUS
I. FACTS
The Court finds the following facts in conjunction with the instant petition for a Writ of Mandamus. The plaintiff filed an application for approval of a subdivision of a certain parcel of land with the defendant commission on August 14, 1989. On February 21, 1990, the defendant commission held a meeting at which it denied the plaintiff's application. The plaintiff appealed said decision to the Superior Court in this Judicial District (docket number CV-90-0057587-S). During the pendency of said appeal, the plaintiff filed a petition for Writ of Mandamus, seeking a Court order compelling the chairman of the defendant commission to approve said application (docket number CV-90-0059543-S). On August 15, 1991, the court denied the petition for the Writ of Mandamus, which decision was appealed to the Appellate Court. On September 16, 1991, the defendant Commission held a meeting purportedly consistent with the Court's decision in docket number CV-90-0057587-S, approving the application with certain conditions. On October 16, 1991, the plaintiff appealed the decision of the defendant Commission (docket number CV-91-0063726-S). On November 26, 1991, the plaintiff filed the instant petition for a Writ of Mandamus, seeking a court order to compel the defendant commission to approve said application, without any conditions. On April 28, 1992, the Appellate Court issued its decision, reversing the order of the court denying the first petition for Writ of Mandamus and remanding the matter to the Superior Court for orders consistent with its decision. Koskoff v. Haddam P Z Commission, et al, 27 Conn. App. 443 (1992), cert. pending ("Koskoff I").
II. DISCUSSION
On April 28, 1992 in the case of Koskoff v. Haddam PZC, et al, 27 Conn. 443 (1992), cert. pending ("Koskoff I"), the Appellate Court held that the PZC's failure to comply strictly with the notice requirements of General Statutes Sec. 8-26 required (1) invalidating the hearing held before the PZC, and (2) the automatic approval of the subdivision application pursuant to Sec. 8-26 of the CT Page 4879 Conn. General Statutes. Koskoff, supra, 448. The court held that the PZC had "never `acted' . . .because its failure to publish prehearing notice in compliance with General Statutes Sec. 8-26 rendered its subsequent doings void ab initio." Id., 451. The court further noted that "when action by a municipal entity is subsequently found to be invalid, it is as if that entity never met or voted." Id., 449.
The subdivision application approved in Koskoff is the same subdivision application before the court in the present case. The court must now determine what effect, if any, Koskoff I has on the present case.
In the present case the plaintiff seeks a writ of mandamus compelling the Haddam PZC to approve the plaintiff's subdivision application pursuant to General Statutes Sec. 8-26 for failing to act on the application within the required sixty-five day period
A writ of mandamus will be issued only where the plaintiff has a clear legal right to have done that which he seeks and "it will be denied where, by reasons of events occurring subsequent to the commencement of the proceedings or because of lapse of time, relief sought would be nugatory or unavailing." Pape v. McKenney, 170 Conn. 588,596 (1976). It is decided that because the court in Koskoff I held that the plaintiff's application was automatically approved under General Statutes Sec. 8-26 and remanded the case to the trial court "with direction to render judgment granting a writ of mandamus to compel the defendants to approve the plaintiff's subdivision application," this court should deny the instant petition as it is found that the relief sought is the same as the relief sought in Koskoff I, which has not yet been acted upon by the Superior Court on remand. This Court is of the opinion that any action in this matter would be duplicative of any relief granted in docket number CV-90-0059543-S.
III. CONCLUSION
Therefore, the Court having found that the instant action is duplicative of the first petition, denies the instant petition.
It is so ordered.
By the Court;
ARENA, J. CT Page 4880