[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff Mary Livingston Ripley, has appealed the decision of the defendant, Litchfield Planning Zoning Commission, approving an application by the defendant Brian Foley of a site plan and special exception for a ninety bed convalescent/employee day care and adult day care facility on 6.174 acres of land owned by the defendants, Albert J. Hassig and Marguerite B. Hassig. CT Page 6372
I
The plaintiff is the owner in fee simple of a parcel of land which abuts a portion of the land owned by Albert and Marguerite Hassig and also abuts such portion of the Hassig property as is the specific subject of the application filed by Mr. Foley. As such she is an aggrieved person within the meaning of Connecticut General Statute 8-8(a)(1) which provides in pertinent part:
 `Aggrieved person' means a person aggrieved by a decision of a board and includes any officer, department, board or bureau of the municipality charged with enforcement of an order, requirement or decision of the board. In the case of a decision by a zoning commission, planning commission, combined planning and zoning commission or zoning board of appeals, `aggrieved person' includes any person owning land that abuts or is within a radius of one hundred feet of any portion of the land involved in the decision of the board.
Mrs. Ripley is statutorily aggrieved and has standing to pursue this appeal. See Smith v. Planning Zoning Board, 213 Conn. 317, 318.
 II
The application filed by Mr. Foley was submitted pursuant to Article V, Section 2, Subsection 7 of the Zoning Regulations Town of Litchfield, Connecticut ("Regulations") which provide for nursing homes as a special exception use permitted in any zone except R-30H "after a public hearing by the Commission." (R: 103) The mandatory requirement of a public hearing is also set forth in Article VI, Section 13 of the Regulations entitled "Procedures and Standards for all Special Exceptions" where it states in Subsection 1 "The procedural requirements for considering a special exception application shall be as set forth in the Connecticut General Statutes including the requirement for conducting a public hearing."
The next regularly scheduled meeting of the Commission after the application was filed was August 19, 1991. On that occasion the Commission scheduled the application for public hearing commencing September 9, 1991. (R: 77).
Thereafter, the Commission caused to be published two separate notices of the public hearing on the application. The first public notice was published August 30, 1991 in the Litchfield Enquirer. The second public notice was published September 6, 1991 in the Litchfield Enquirer. Both notices indicated the public hearing would be September 9, 1991. (R: 80).
Thereafter the Commission held public hearings on the application on September 9, September 10, September 16, September 24, and October 21, CT Page 6373 1991. By decision dated November 4, 1991, the Commission approved the application. Notice of the Commission's decision was published November 8, 1991. (R: 94, 95).
Connecticut General Statutes 8-3c(b) provides with regard to notices for the public hearing that:
 Notice of the time and place of such hearing shall be published in a newspaper having a substantial circulation in such municipality at least twice, at intervals of not less than two days, the first not more than fifteen days, nor less than ten days, and the last not less than two days before the date of such hearing.
The issue before the court is whether the notice of August 30, 1991 was published "not more than fifteen days, nor less than ten days" before the date of the hearing. This court finds and, all parties agree that the publication of the first notice was untimely as a matter of law. Treat v. Town Plan Zoning Commission of the Town of Orange, 145 Conn. 136
continues to be the law in this State on this issue. In that case the issue simply was whether a notice published on October 20 for a hearing held on October 30 satisfied the statutory mandate that notice of the hearing be published "not more than fifteen days, nor less than ten days" before such hearing, the identical language at issue in this case. In finding that publication of the notice was untimely, the Supreme Court simply held:
 When so many days `at least' are given to do an act, or `not less than' so many days must intervene, both the terminal days are excluded.
Treat v. Town Plan Zoning Commission, supra at 139.
Here, excluding both the terminal days as required by Treat, the notice of August 30, 1991 was given nine days before the date of the hearing and was accordingly in violation of the statutory requirement that notice be given not less than ten days before the hearing.
Recently, the Appellate Court reexamined the computation of time with regard to the publication of a notice for a public hearing. In Koskoff v. Planning Zoning Commission, 27 Conn. App. 443, (1992), the issue was whether publication of a notice on November 24 for a hearing on December 4, satisfied Connecticut General Statutes Section 8-26 which provides in pertinent part that notice shall be given "not more than fifteen days nor less than ten days" prior to the date of such hearing, language that is identical to the language at issue here.
The Appellate Court held on those facts that Connecticut General Statutes Section 8-26 was not satisfied when the first notice for the December 4, hearing was published November 24, and accordingly the CT Page 6374 Commission in that case lacked jurisdiction, thereby rendering the hearing invalid. Koskoff, accordingly mandates that the notice in the present case is untimely, that the action of the Commission is void, and that this appeal must be sustained.
 Compliance with statutorily prescribed notice requirements is a prerequisite to a valid action by a land use commission and failure to give proper notice constitutes a jurisdictional defect.
Wright v. Zoning Board of Appeals, 174 Conn. 488, 491.
Having failed to give a proper notice, the Commission lacked jurisdiction and therefore its approval on November 4, 1991 was a nullity. Were this the only issue, the appeal would be sustained without further comment. However, the individual defendants have raised the issue of automatic approval by reason of the failure of the Commission to render a timely decision.
 III
In their brief the Hassigs and Mr. Foley claim:
 If the notice of the hearing was defective it follows that no decision of the Litchfield Planning and Zoning Commission (hereinafter Commission) was rendered within the time limits of C.G.S. 8-7 (d) and therefore the site plan/special exception application was automatically approved pursuant to C.G.S. 8-3 (g) and 8-3c(b)."
 Similarly, in the instant appeal, the alleged failure of timely pre-hearing notice means that no hearing was held and no decision rendered within the time limits imposed by C.G.S. 8-7d(a) and therefore the application is automatically approved under C.G.S. 8-3 (g) and 8-3c(b). If notice of the hearing was ineffective, then it was as if the PZC failed to ever render a timely decision as required by C.G.S. 8-7d(a).
General Statutes 8-3c provides in pertinent part that "the zoning commission. . . shall hold a public hearing on an application or request for a special permit or special exception. . .," and further that "such commission shall decide upon such application or request within the period of time permitted under section 8-7d." That section states in part that "all decisions on such matters shall be rendered within sixty-five days after the completion of such hearing."
The consequence of a statute that imposes a mandatory time constraint for actions by a zoning commission is that, when the time has expired without a decision, approval of the application is automatic, SSM Associates Limited Partnership v. Plan and Zoning Commission, 15 Conn. App. 561
CT Page 6375 (1988), aff'd, 211 Conn. 331 (1989); Carr v. Woolwich, 7 Conn. App. 684
(1986), cert. denied 201 Conn. 804 (1986); Vartuli v. Satire, 192 Conn. 353,365, (1984). The consequence of a failure to comply with statutory pre-hearing notice requirements of a subdivision application is automatic approval, Koskoff v. Planning and Zoning Commission, 27 Conn. App. 443
(1992).
Accordingly, if the Commission did not act, the application would be automatically approved. On the facts of this case, such is not the situation. Hearings were held on five dates from September 9, 1991 to October 21, 1991. Thereafter, the Commission approved the application on November 4, 1991. The vote of approval of November 4, 1991 constituted action for the purposes of General Statute 8-7d. The fact that it was ineffective by reason of a defective notice and therefore null and void does not negate the fact that the commission acted within the statutory time. As stated in Farr v. Eisen, 171 Conn. 512, at 516:
 Here the commission did render a decision and therefore `acted' within the meaning of the statute. There is a marked difference between `non-action' and an action which is ultimately declared `null and void'. Nothing can be declared void if it was not first in existence. There must be action of some kind before it can be declared invalid. Although the commission's decision is invalid, that decision did in fact constitute action. (Emphasis added.)
Finally, the court notes that counsel for the defendants participated in all hearings and at no time raised the question of a defective notice. It would indeed be a bizarre result if after participating in numerous lengthy hearings, counsel could later claim, had the commission denied the application, that it was approved by operation of law. See Basko [Busko] v. DeFilippo, 162 Conn. 462, 469 (1972); State v. Huff, 10 Conn. App. 330,337 (1987).
For the reasons set forth, the appeal is sustained.
PICKETT, J.