[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
By this action, the plaintiffs appeal the decision of the Monroe Zoning Board of Appeals affirming the decision of the Monroe zoning enforcement officer to issue a certificate of zoning compliance to a third person to operate a liquor package store at 600 Main Street, Monroe, Connecticut. At a hearing before this court, the plaintiff Frederick Loulis testified that he and his wife are taxpayers in the Town of Monroe. The court finds this testimony credible, and thus, since the trial court is bound by Connecticut Supreme Court precedent that a taxpayer is automatically aggrieved from local zoning decisions concerning the sale of liquor; see Jolly, Inc. v. Zoning Board of Appeals,237 Conn. 184, 193-95, 676 A.2d 831 (1996); the court further finds that the plaintiffs are aggrieved.
Having found that the plaintiffs are aggrieved, there is little left for the court to review because the parties have conceded that the Monroe Zoning Board of Appeals failed to provide proper notice of its public hearings on the plaintiffs' appeal. The parties agree that the second notice required by statute was untimely. In light of this information, the court is compelled to sustain the plaintiffs' appeal on the limited ground that the Monroe Zoning Board of Appeals lacked jurisdiction to affirm the decision of the zoning enforcement officer because it failed to provide proper notice. See e.g. Koskoff v. Planning Zoning Commission, 27 Conn. App. 443, 446-48, 607 A.2d 1146
(1992) (where the court explained the well established rule that failure to issue public notice properly is a defect implicating subject matter jurisdiction, rendering the action by the zoning board a nullity, void ab initio).
Therefore, the court sustains the plaintiffs' appeal on the ground that the Monroe Zoning Board of Appeals lacked subject matter jurisdiction to render a decision on the plaintiffs' CT Page 8698 appeal to that board.
SO ORDERED:
John P. Maiocco, J. JUDGE OF THE SUPERIOR COURT