[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: ORAL MOTION OF DEFENDANT UNDER C.G.S.§ 52-278j(b)
In connection with the Plaintiff's claim for a prejudgment remedy attachment in this matter, a preliminary oral claim was made by the defendant, Adrian DiMario, that the Court was required to treat the Prejudgment Remedy Application as "having been withdrawn" pursuant to § 52-278j(b) of the Connecticut General Statutes.
The Defendant's claim in this regard is based upon language CT Page 2152 in § 52-278j(b) that provides ". . . If a date for hearing upon a prejudgment remedy is scheduled by the clerk and such hearing is not commenced within thirty days thereof, except as provided in § 52-278e, the court shall order the application to be considered as having been withdrawn." The Defendant further argues that § 52-278d provides in pertinent part that the Court shall not grant the prejudgment remedy if the prejudgment remedy or application for such prejudgment remedy was dismissed or withdrawn pursuant to the provisions of section 52-278j.
The Defendant argues that because the hearing on the instant PJR application did not so "commence" within thirty days the Court should consider the application as having been withdrawn and accordingly not grant the relief requested.
In the instant case, the Clerk initially assigned the Plaintiff's Application for Prejudgment Remedy for hearing on July 8, 1996, at 9:30 A.M. At said time, the parties appeared with counsel, the case was marked "ready" and an argument was held on the motion of DiMario to disqualify the plaintiff's counsel.
A decision on that motion was rendered July 10, 1996 DiMario's attorney then sought to withdraw her appearance on behalf of Mr. DiMario and DeMario subsequently appeared pro se on July 23, 1996.
The application for the PJR was reclaimed and a hearing was then scheduled for August 19, 1996. On August 14, 1996 DiMario's present counsel moved for a continuance of the hearing. The parties again appeared on August 19, 1996 with counsel, ready to proceed, and were ordered to discuss the matter with the housing specialist who determined that the case could not be settled.
After another reclaim, the case appeared on the docket on September 16, 1996, but the matter was not heard on that date. On October 10, 1996, a letter was sent to the Clerk along with a reclaim slip requesting that a hearing be held on November 4, 1996. The Plaintiff notes that prior to November 4, 1996, it was discovered that it was unlikely that substantial judicial time would be available on that date, and the parties agreed to appear and request a special assignment at the call on November 4th. After an "in person" conference among counsel for the parties and a clerk on November 4, 1996, the date of December 3, 1996 was set as a firm hearing date. A hearing on the underlying merits of the CT Page 2153 PJR application was actually held on said date.
The question before the Court then is, given the somewhat unusual history of the scheduling of this matter, whether the hearing "commenced" on July 8, 1996 within the meaning of the statutory language of § 52-278j(b).
The Court agrees with the Plaintiff's argument that a hearing can be different things, including merely appearing in open Court in an adversarial setting. A hearing ". . . is `any oral proceeding before a tribunal'" Koskoff v. Planning and ZoningCommission, 27 Conn. App. 443, 452 (1992), quoting from Rybinskiv. State Employees' Retirement Commission, 173 Conn. 462, 469-470
(1977)
Under the theory advanced in said cases, the Court finds that the hearing in this matter actually "commenced" on July 8, 1996 when the parties and their counsel appeared in Court at the time scheduled for the hearing on the PJR application and argued the preliminary motion to disqualify the plaintiff's counsel.
Accordingly, the Defendant's oral motion under 052-278j(b) is denied.
CARROLL, J.