[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Plaintiff Eleven High Street, Inc. appeals the decision of the zoning board of appeals of the town of Suffield, which upheld a decision of the town's zoning enforcement officer. The board acted pursuant to General Statutes §§ 8-6, 8-7 and 8-7d. The plaintiff appeals pursuant to § 8-8. The court finds in favor of the plaintiff and remands the case for further proceedings.
The facts essential to the court's decision are not in dispute and are fully reflected in the record. The plaintiff owns the property in question, a building located in a C-2 zone in Suffield. In addition to commercial uses, the building contains one residential apartment. The plaintiff has maintained this residential use for many years, relying on a building permit and certificate of occupancy obtained from the town. In May 1997, the town's zoning enforcement officer ordered the plaintiff to cease and desist the use of the building for residential purposes. The plaintiff appealed that order to the board pursuant to General Statutes § 8-7.
After abandoning one attempt to hold a hearing on the appeal because of lack of a quorum, the board scheduled a hearing for August 25, 1997. It published its first notice of the hearing on August 15, 1997 and another subsequently on August 22, 1997. The board and the plaintiff agree that the August 15 notice was one day too late under the provisions of § 8-7, which require the first notice to be published "not less than ten days" before the hearing, excluding the terminal days. See Koskoff v. Planning Zoning Commission, 27 Conn. App. 443, 448 (1992). CT Page 1584
Failure to follow the notice requirements of § 8-7
completely invalidates the board's proceedings ab initio. It is as though no hearing and decision occurred, as though the board failed to take any action. Such default on the part of a zoning board of appeals in an appeal from the decision of a zoning enforcement officer does not result in automatic reversal or affirmance of the officer's decision. Rather, our Supreme court has held that the case must be remanded to the board so that it can hear and decide the appeal on the merits and in accordance with the law. Leo Fedus Sons v. Zoning Board of Appeals,225 Conn. 432 (1993); Koepke v. Zoning Board of Appeals,223 Conn. 171, 177-180 (1992).
It is regrettable that this error on the part of the board in publishing its notice sends the case back to square one, and it is equally regrettable that no one caught the error at the time of the meeting. Nevertheless, the law as set forth in the statutes and as interpreted by the Supreme Court is as inflexible as it is clear, and this court has no discretion in the matter.
For the reasons set forth above, the plaintiff's appeal to this court is sustained. The case is remanded to the board and the board is ordered to reconsider the plaintiff's appeal to the board at a properly noticed hearing.
MALONEY, J.