[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an appeal from the decision of the defendant, the planning commission of Eastford (the commission), denying an application for subdivision approval and a request for waiver submitted by the plaintiff, Robert P. Willis, Jr. The plaintiff brings this appeal pursuant to General Statutes § 8-8.
On January 11, 2000, the plaintiff submitted an application for subdivision approval with the commission regarding property located at 187 Chaplin Road, Eastford, Connecticut. (Return of Record [ROR], Exhibit 1.) As part of his application, the plaintiff also requested a waiver of section VI.2[1] and VI.4[2] of Eastford's subdivision regulations. Specifically, the plaintiff requested that the commission allow him to reduce (1) the gross lot area from two acres to 0.70 acres; (2) the minimum buildable lot area from one and a quarter acres to 0.55 acres; and (3) the front and side yard requirements from fifty feet to forty feet (lot 4A) and from twenty-five feet to ten feet (lot 4C) respectively. The plaintiff further requested that the commission modify the maximum permissible slope of an unpaved driveway from ten percent to twenty percent. (ROR, Exhibit 1.)
The commission held a public hearing commencing on March 14, 2000, and continued to April 11, 2000 and May 18, 2000. Deliberation sessions were also held on June 13, 2000 and July 11, 2000. The commission voted unanimously to deny both the request for a waiver and the application for subdivision on July 11, 2000. (ROR, Exhibits 40, 58.) The plaintiff was notified of the commission's decision on July 12, 2000. (ROR, Exhibit 41.) Notice of the decision was published in the Norwich Bulletin on July 19, 2000. (ROR, Exhibit 43.) The plaintiff subsequently filed this appeal alleging that the commission acted arbitrarily, illegally and in abuse of its discretion in denying the application.
The plaintiff alleges that the commission acted arbitrarily, illegally and in abuse of its discretion in: (1) failing to approve the application which conforms to the subdivision regulations; (2) failing to proffer a CT Page 6256 legitimate reason for the denial of the application and the request for a waiver; and (3) misinterpreting its regulations in rendering its decision.
The court must first address the issue of aggrievement. Pleading, as well as "proof of aggrievement are prerequisites to a trial court's jurisdiction over the subject matter of an administrative appeal. . . . It is [therefore] fundamental that, in order to have standing to bring an administrative appeal, a person must be aggrieved." (Brackets in original; citation omitted; internal quotation marks omitted.) Harris v.Zoning Commission, 259 Conn. 402, 409, ___ A.2d ___ (2002). The plaintiff alleges aggrievement as the owner of the property listed on the application. Ownership of the subject property establishes the necessary aggrievement to bring an administrative appeal. Winchester WoodsAssociates v. Planning Zoning Commission, 219 Conn. 303, 308,592 A.2d 953 (1991). The plaintiff has sufficiently demonstrated ownership. (ROR, Exhibit 9.)
The next issue is whether the plaintiff timely served the defendants. General Statutes § 8-8 (b) provides in relevant part that an "appeal shall be commenced by service of process in accordance with subsections (e) and (f) [now subsections (f) and (g)] of this section within fifteen days from the date that notice of the decision was published as required by the general statutes." General Statutes § 8-8 (b). The record contains an affidavit of publication attesting that notice of the commission's decision was published in the Norwich Bulletin on July 19, 2000. (ROR, Exhibit 16.) On July 25, 2000, this appeal was commenced by service of process on Melissa Vincent, the town clerk for the town of Eastford, and Karen Chartier, the acting chairperson of the Eastford planning commission. Accordingly, this appeal was commenced in a timely manner by service of process on the proper parties.
The facts present another threshold issue with respect to the timeliness of the prehearing notices published by the commission regarding the plaintiff's application. Although the parties did not raise the issue of notice the court must consider the issue of notice because it implicates subject matter jurisdiction. Koskoff v. Planning ZoningCommission, 27 Conn. App. 443, 446, 607 A.2d 1146, cert. granted,222 Conn. 912, 608 A.2d 695 (1992) (appeal withdrawn November 10, 1992). The question of subject matter jurisdiction, because it addresses the basic competency of the court, can be raised by any of the parties, or by the court sua sponte, at any time. Webster Bank v. Zak, 259 Conn. 766,774, ___ A.2d ___ (2002), citing Daley v. Hartford, 215 Conn. 14, 27-28,574 A.2d 194, cert. denied, 498 U.S. 982, 111 S.Ct. 513, 112 L.Ed.2d 525
(1990). "[T]he court has a duty to dismiss, even on its own initiative, any appeal that it lacks jurisdiction to hear." Webster, Id., citing CT Page 6257Sasso v. Aleshin, 197 Conn. 87, 89, 495 A.2d 1066 (1985).
"Subject matter jurisdiction is the power of the court to hear and determine cases of the general class to which the proceedings in question belong. . . . The same principle applies to administrative agencies . . . including zoning authorities." (Internal quotation marks omitted.)Koskoff v. Planning Zoning Commission, supra, 446.
"When the notice required . . . is constructive notice to the general public by means of legal advertisement, failure to issue such notice properly is a defect implicating subject matter jurisdiction." Id. "Strict compliance with statutory mandates regarding notice to the public is necessary because [i]n the absence of newspaper publication, unknown individuals with an interest in zoning matters would have no way of learning what zoning decisions were being contemplated." (Internal quotation marks omitted.) Id., 447. "Even if the complaining party appears at the public hearing, [f]ailure to provide such notice deprives the administrative tribunal of subject matter jurisdiction . . . since the legislative intent to notify the public constructively would otherwise be frustrated." (Brackets in original; internal quotation marks omitted.) Id.
General Statutes § 8-26 sets forth the constructive notice requirements concerning subdivision applications. Section 8-26 provides that "[n]otice of the public hearing shall be given by publication in a newspaper of general circulation in the municipality at least twice at intervals of not less than two days, the first not more than fifteen days, nor less than ten days, and the last not less than two days prior to the date of such hearing, and by sending a copy thereof by registered or certified mail to the applicant." General Statutes § 8-26. "Our Supreme Court interpreted the phrase, `nor less than ten days,' to mean that notice must be published eleven days prior to the hearing." (Emphasis in original.) Koskoff v. Planning Zoning Commission, supra, 448.
In the present case, the commission published notice of the first public hearing on March 6, 2000 and March 10, 2000. (ROR, Exhibit 6.) The hearing was held on March 14, 2000, just eight days after the first notice. (ROR, Exhibit 48.) The commission continued the public hearing on April 11, 2000. (ROR, Exhibit 49.) Notice was published, however, on April 4, 2000 and April 7, 2000. (ROR, Exhibit 16.) The April 4 notice was just seven days prior to the meeting. Notice, therefore, was not published within the requisite time period in either instance. Accordingly, the commission lacked jurisdiction over the matter because it did not comply with the time constraints found within § 8-26. CT Page 6258
The failure to comply with the mandate of § 8-26 renders the public hearing void ab initio. Koskoff v. Planning Zoning Commission, supra, 449. In addition, General Statutes § 8-26d (b) provides that "[a] decision on an application for subdivision approval, on which no hearing is held, shall be rendered within sixty-five days after receipt of such application." General Statutes § 8-26d (c) states in relevant part that "the receipt of an application . . . shall be the day of the next regularly scheduled meeting of such commission or board, immediately following the day of submission to such board or commission . . . of such application . . . or thirty-five days after such submission, whichever is sooner." If the commission fails to render a decision within the prescribed limits of § 8-26, the plaintiff's application is automatically approved. Koskoff v. Planning Zoning Commission, supra, 450.
On January 11, 2000, the plaintiff submitted a new application for subdivision approval as previously noted. (ROR, Exhibit 2.) At a meeting held on February 8, 2000, the commission acknowledged receipt of the application and noted that a hearing or decision would be rendered by March 14, 2000. (ROR, Exhibit 2.) The commission voted to deny the application on July 11, 2000. (ROR, Exhibit 58.) The decision was rendered well after the sixty-five day limit prescribed by § 8-26. Since the commission failed to render a timely decision, the court concludes based upon Koskoff, that the plaintiff's application was automatically approved pursuant to § 8-26.[3]
For the foregoing reasons, the appeal is sustained.
Potter, J.