PATRICIA B. CROSS *v.* PAUL HUDON, CONSERVATOR (ESTATE OF HELEN A. BENNY), ET AL.
(10317)

NORCOTT, LANDAU and FREEDMAN, Js.

---

Argued April 3—decision released June 9, 1992

*Vincent E. Roche,* with whom, on the brief, was *Joan Keating-McKeon,* for the appellant (plaintiff).

*Vincent F. Sabatini,* with whom, on the brief, was *Paul R. Doyle,* for the appellee (defendant Richard E. Pikor).

*Paul Zanoni,* pro se, the appellee (defendant).

*Rosalie Benny Zanoni,* pro se, the appellee (defendant).

NORCOTT, J. The plaintiff appeals from the trial court's judgment dismissing this action for lack of subject matter jurisdiction. The plaintiff claims that the trial court (1) failed to conduct an evidentiary hearing

to determine if it had subject matter jurisdiction, and (2) improperly dismissed the action upon its finding that a guardian may not institute a legal action against her ward. Because we conclude that, under the facts of this case, the trial court should have conducted an evidentiary hearing, we need not reach the plaintiff's second issue. Accordingly, we reverse the trial court's judgment.

The following facts are pertinent to this appeal. Between October, 1980, and December, 1988, the plaintiff expended about $157,000 for the care of her mother, Helen A. Benny, who resided from March, 1982, until she died in August, 1989, in the St. Patrick's Manor nursing home in Framingham, Massachusetts. In June, 1988, the plaintiff was appointed temporary guardian of her mother by the Middlesex County Probate and Family Court in Massachusetts. Prior to this appointment, the plaintiff had expended about $136,000 for her mother's care and benefit. In September, 1988, the Massachusetts court named the plaintiff permanent guardian of her mother.

In February, 1989, the Newington Probate Court appointed Paul Hudon conservator of the estate of Helen A. Benny. The estate contained two parcels of real property, one in Old Lyme, and the other in Wethersfield, both of which were devised to another of Helen A. Benny's daughters, Rosalie Benny Zanoni. In May, 1989, the plaintiff brought suit in Superior Court against Hudon, seeking reimbursement for the funds that were expended for Helen A. Benny's care and benefit. In July, 1989, the trial court ordered that Rosalie Benny Zanoni and her husband, Paul Zanoni, be made party defendants because of their interest in the properties.

In September, 1989, Rosalie Benny Zanoni was appointed executrix of her late mother's estate by the

Newington Probate Court. Shortly thereafter, in January, 1990, Rosalie Benny Zanoni was substituted for Hudon as the defendant in this action. In December, 1990, Paul and Rosalie Benny Zanoni filed a motion with the trial court to dismiss for lack of subject matter jurisdiction. The court thereafter granted the motion, and in January, 1991, the plaintiff moved to open the judgment. In June, 1991, the court denied the motion to open.[1] This appeal followed.

The plaintiff first claims that the trial court improperly failed to conduct an evidentiary hearing to determine if it had subject matter jurisdiction. We agree.

We begin with a brief statement of our well settled principles regarding subject matter jurisdiction. Jurisdiction over the subject matter is the court's power to hear and decide cases of the general class to which the proceedings at issue belong. *Lauer* v. *Zoning Commission*, 220 Conn. 455, 460, 600 A.2d 310 (1991); *Koskoff* v. *Planning & Zoning Commission*, 27 Conn. App. 443, 446, 607 A.2d 1146 (1992). Once the question of lack of jurisdiction of a court is raised, "[it] must be disposed of no matter in what form it is presented." *Carten* v. *Carten*, 153 Conn. 603, 610, 219 A.2d 711 (1966). Whenever a court finds that it has no jurisdiction, it must dismiss the case, without regard to previous rulings. *Pet* v. *Department of Health Services*, 207 Conn. 346, 351, 542 A.2d 672 (1988).

We are mindful that " '[w]here a decision as to whether a court has subject matter jurisdiction is required, every presumption favoring jurisdiction should be indulged.' " *Killingly* v. *Connecticut Siting Council*, 220 Conn. 516, 522, 600 A.2d 752 (1991);

[1] In March, 1991, the Newington Probate Court removed Rosalie Benny Zanoni from her fiduciary position. In June, 1991, the new administrator of the estate, Richard Pikor, was substituted for Rosalie Benny Zanoni as a defendant in this action.

*Demar* v. *Open Space & Conservation Commission*, 211 Conn. 416, 425, 559 A.2d 1103 (1989). "A trial court should make every effort to adjudicate the substantive controversy before it, and, where practicable, should decide a procedural issue so as not to preclude hearing the merits of an appeal." *Killingly* v. *Connecticut Siting Council*, supra.

In determining whether a court lacks subject matter jurisdiction, the inquiry usually does not extend to the merits of the case. *Isaac* v. *Mount Sinai Hospital*, 210 Conn. 721, 732, 557 A.2d 116 (1989). Nevertheless, the court must determine whether it has the power to hear the " 'general class [of cases] to which the proceedings in question belong.' " *Lampasona* v. *Jacobs*, 209 Conn. 724, 728, 553 A.2d 175, cert. denied, 492 U.S. 919, 109 S. Ct. 3244, 106 L. Ed. 2d 590 (1989), quoting *Shea* v. *First Federal Savings & Loan Assn. of New Haven*, 184 Conn. 285, 288, 439 A.2d 997 (1981). Because the elements of subject matter jurisdiction are " 'dependent upon both law and fact' "; *Kinney* v. *State*, 213 Conn. 54, 59, 566 A.2d 670 (1989), cert. denied, U.S. , 111 S. Ct. 251, 112 L. Ed. 2d 209 (1990); *Castro* v. *Viera*, 207 Conn. 420, 433, 541 A.2d 1216 (1988); in some cases it may be necessary to examine the facts of the case to determine if it is within a general class the court has power to hear. See *Castro* v. *Viera*, supra, 433–35 (discussing subject matter jurisdiction of an agency); *Young* v. *Chase*, 18 Conn. App. 85, 94–95, 557 A.2d 134 (1989); 1 E. Stephenson, Connecticut Civil Procedure (2d Ed. 1982 Sup.) § 103. Further, " '[w]hen issues of fact are necessary to the determination of a court's jurisdiction, due process requires that a trial-like hearing be held, in which an opportunity is provided to present evidence and to cross-examine adverse witnesses.' " *Lampasona* v. *Jacobs*, 7 Conn. App. 639, 642–43, 509 A.2d 1089 (1986), quoting *Standard Tallow Corporation* v. *Jowdy*, 190 Conn. 48, 56, 459 A.2d 503 (1983).

Here, the defendants' motion to dismiss alleged, in essence, that the Superior Court lacked subject matter jurisdiction because the plaintiff impermissibly brought this action in her capacity as a guardian against her own ward. Further, the defendants' motion alleged that subject matter jurisdiction does not exist in the Superior Court because such disputes between fiduciaries are properly heard only in the Probate Courts. Because jurisdiction in this case hinges upon a factual determination regarding the plaintiff's status when she instituted this action, we conclude that the trial court improperly failed to conduct an evidentiary hearing to determine the pertinent facts necessary to ascertain whether jurisdiction existed.

The judgment is reversed, and the case is remanded for an evidentiary hearing to ascertain the plaintiff's status at the time she commenced this action so that the trial court can properly determine whether it has subject matter jurisdiction.

In this opinion the other judges concurred.