[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS AND MOTION FOR SUMMARY JUDGMENT
The defendants have filed a motion for summary judgment on the third count of the amended complaint which alleges unjust enrichment of the City of Danbury for off-site sewer, water and related improvements. The plaintiff claims that these improvements were illegally imposed and required by city officials as conditions subsequent to approval of a special exception and site plan. The first count of the complaint claims that these post-approval off-site exactions violated the plaintiff's constitutional rights, and it claims damages based on 42 U.S.C. § 1983. The second count of the amended complaint alleges that the exactions are an unconstitutional taking of the plaintiff's property. The defendants have moved to dismiss the second and third counts, claiming that the court lacks subject matter jurisdiction over them because even if some city officials illegally imposed additional conditions, the plaintiff failed to obtain a final determination by other city officials whether and to what extent the exactions would be required.
On June 8, 1982, the Planning Commission approved an application by D.S.L. Corporation (DSL) for a special exception to construct 160 garden apartments on property then owned by DSL, and later purchased by the plaintiff on February 24, 1984. Approval of the special exception was conditional upon compliance with certain comments of the city engineer which had been made during the application process concerning sewer, water and storm drainage. A revised site plan for the same project was approved by the Planning Commission on May 2, 1984, subject to conditions in prior correspondence to the Planning Commission from the city engineer. The complaint alleges that the City, acting primarily through the city engineer, imposed additional requirements beyond the conditions imposed by the Planning Commission when approving the special exceptions and site plan. The plaintiff further contends that there was no public need for these improvements and that even if there CT Page 2172 was, they were off-site changes of no benefit to the subject property. They include a 780 foot sewer extension, expensive modifications of the approved sewer plan and off-site water main extension, paving of an off-site road and payment for an outside inspector. The plaintiff also claims that the changes increased its costs of construction, finance charges and interest payments, and resulted in extensive lost profits, and that these post-approval exactions and changes in the project unjustly enriched the City.
The defendants contend that the plaintiff knew of these requirements when it purchased the project and that it still proceeded with most of them without objection until it commenced this action in 1989, about five years after approval of the special exception and site plan. The defendants rely primarily on Cecio Bros., Inc. v. Greenwich,156 Conn. 561, which rejected a claim for unjust enrichment against a municipality for additional funds on a construction project where the contractor did not give notice of the additional claim until the work was completed. The parties here disagree as to the similarity of that case to the present one, an issue that is not resolved at this time. The Cecio case was a trial on the merits and not a ruling on a motion for summary judgment where different considerations apply.
A motion for summary judgment can be granted under section 384 of the Connecticut Practice Book when the documents submitted show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Connelly v. Housing Authority,213 Conn. 354, 364. To prove that there is no genuine issue as to any material fact, the moving party must show that it is quite clear what the truth is, and that it excludes any real doubt as to the existence of any material fact. Fogarty v. Rashaw, 193 Conn. 442, 445. In determining whether there is a material issue of fact, the evidence is considered in the light most favorable to the nonmoving party. Connell v. Colwell, 214 Conn. 242, 246, 247. A material fact is one which will make a difference in the result of the case. Hammer v. Lumberman's Mutual Casualty Co., 214 Conn. 573,578. The test on a motion for summary judgment is whether the moving party would be entitled to a directed verdict on the same facts. Id., 578; State v. Goggin, 208 Conn. 606,616. In ruling on a motion for summary judgment, the court's CT Page 2173 function is not to decide issues of material fact, but rather to determine whether any such issues exist. Nolan v. Borkowski, 206 Conn. 495, 500. The motion for summary judgment is not well adapted to cases of a complex nature or those involving important public issues, which often need the full exploration of a trial. United Oil Co. v. Urban Redevelopment Commission, 158 Conn. 364, 375.
Both parties have filed affidavits, letters from the city engineer, minutes from the Planning Commission and similar documents in support of their respective positions on both the motion for summary judgment and the motion to dismiss. In addition to containing facts, the affidavits on both sides contain opinions and legal conclusions which cannot be considered in deciding the motions. Whether or not an unjust enrichment claim can be proven in this case involves consideration of a complicated series of events and the inferences and conclusions to be drawn from them. The plaintiff has raised sufficient issues of material fact to prevent summary judgment on the third count.
There are similar problems with deciding the motion to dismiss. In deciding whether a court has subject matter jurisdiction, the question is whether the court has the power to hear and determine cases of the general class to which the proceedings in question belong; a court has subject matter jurisdiction if it has the authority to adjudicate a particular type of legal controversy. Castro v. Viera,207 Conn. 420, 427. Connecticut courts have jurisdiction to consider claims of unconstitutional taking of property. See Bartlett v. Zoning Commission, 161 Conn. 24, 31. The Superior Court has concurrent jurisdiction with the federal courts over civil rights claims based on42 U.S.C. § 1983. Zizka v. Water Pollution Control Authority, 195 Conn. 682,687; Fetterman v. University of Connecticut, 192 Conn. 539,549.
The defendants claim that even though the doctrine of failure to exhaust administrative remedies does not apply to a section 1983 claim, Port Clinton Associates v. Board of Selectmen, 217 Conn. 588, 599, in order to claim that regulations deprive a property owner of all reasonable use of property amounting to a practical confiscation of it, there must be a showing that the applicable municipal agency has arrived at a definitive position on the issue which has CT Page 2174 inflicted an actual concrete injury on the property owner. Id., 601, 603. If a final decision has not been obtained from the administrative agency applying the regulation, the court does not have jurisdiction to rule on a taking claim. Id., 604. The defendants claim that the plaintiff had three administrative remedies to challenge the orders of the city engineer: (1) a complaint to the city engineer himself, (2) an application to the Planning Commission, and (3) requesting the Common Council to review and modify the city engineer's conditions on the sewer and water line extensions for the project. The plaintiff counters that all of those routes would have been futile and that the finality standard merely requires showing that "the initial decision maker had arrived at a definitive position on the issue that inflicted an actual concrete injury." Williamson County Regional Planning Commission v. Hamilton Bank, 473 U.S. 172, 193 (1985).
The factual history here is complicated, and it is unclear whether the finality doctrine applies to post-approval exactions. Since the Planning Commission did not impose them, it is questionable whether an application to it is an available remedy. Finally, there are several actions which the plaintiff contends amounted to illegal, post-approval conditions resulting in expenses to it. The limited evidence presented on the motion to dismiss does not show that the finality doctrine bars all the claims.
A motion to dismiss attacks the jurisdiction of the court, essentially asserting that a plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court. Gurliacci v. Mayer, 218 Conn. 531, 544. In determining whether to grant a motion to dismiss, the court usually does not consider the merits of the case. Southport Manor Convalescent Center, Inc. v. Foley, 216 Conn. 11,16. Since the elements of subject matter jurisdiction are dependent upon both law and fact, in some cases it may be necessary to examine the facts of the case to determine if it is within a general class the court has power to hear. Cross v. Hudon, 27 Conn. App. 729, 733. The documentary evidence submitted by both sides is conflicting, the case is complex, and it is not appropriate to resolve contested factual issues on a motion to dismiss.
Finally, a motion to dismiss is customarily used to challenge the entire action, not just some of the counts in CT Page 2175 it. The plaintiff has stated a cause of action for unjust enrichment in the third count which is not governed by the finality doctrine, so the entire complaint cannot be dismissed.
The motion for summary judgment is denied.
The motion to dismiss is denied.
Robert A. Fuller, Judge