[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The identity of the plaintiff and defendants in the above action, the nature of the controversy between them, the pendency of a motion to dismiss for lack of subject matter jurisdiction and the law pertaining thereto, were all discussed in a memorandum of decision by the court dated January 10, 1995, and need not be repeated at this point in any detail. The earlier memorandum ended by indicating that a "Standard Tallow type" hearing was required to resolve certain factual issues regarding whether the plaintiff had standing to pursue the present action; see Cross v. Hudon, 27 Conn. App. 729, 733-34, 609 A.2d 1021
(1992).
This hearing was held and testimony was received from Alexius C. Conroy, the principal officer of the plaintiff, the Conroy Development Company (Conroy Development), A. James Zeller, the named defendant, and John Vesozzi, an attorney for Zeller and the defendant, Torringford Commercial Associates Limited Partnership (Torringford).
As pointed out in the January, 1995 memorandum of decision, it is clear that the named plaintiff, a New York corporation, was not authorized to commence a suit in this state because, when this action began in September, 1993, it had not received a certificate of authority to conduct business in Connecticut as required by General Statutes § 33-396. However, the plaintiff contends that the motion to dismiss should be denied because it was only a nominee for Litchfield Place Associates (Litchfield Place), the real party in interest, and that Judge Karazin of this court had previously permitted this entity to be substituted as plaintiff for Conroy Development upon a finding that it was "the real party in interest."
The testimony disclosed that Conroy Development assigned its CT Page 4217 rights to the contract it had with the defendants to purchase and develop property in Litchfield for purposes of constructing a shopping center, to Litchfield Place, by a writing dated October 14, 1992. Litchfield Place, a general partnership, is a joint venture between Litchfield Hills Plaza Associates Limited Partnership, formed by Conroy Development, and Ceruzzi Properties, Inc. (Ceruzzi). Conroy Development did not comply with the sections 6.04 and 6.07 of the agreement with the defendants which required that it advise the latter of any assignment by a written notice delivered in person or sent by registered or certified mail, in order to make the assignment "effective." Starting in late November, 1992, the defendants sent several checks to "Litchfield Place Associates" in payment of a mortgage, thus in effect acknowledging the existence of Conroy Development's joint venture with Ceruzzi.
The hearing on the defendants' motion to dismiss tended to focus in large part on what the defendants knew about Conroy Development's assignment of its rights in the contract with the defendants to Litchfield Place, and when they knew about it. In analyzing this case, however, it seems clear that the real issue is whether the substitution of Litchfield Place Associates as the plaintiff was proper. This issue in turn focuses on who is entitled to bring and pursue a cause of action, and that involves whether or not the plaintiff has standing, or, in other words, has some interest that will be effected by the outcome of the case.
The identity of "the real party in interest" was discussed inYoney v. Hospital of St. Raphael, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 271006 (July 10, 1992, Katz, J.), "[a] party is entitled to prosecute a civil action as the real party in interest when he or she establishes an actual and justiciable interest in the subject matter of the litigation. A real party in interest is one who has a real, direct, actual, material, or substantial interest in the subject matter of the action, as distinguished from one who has only a nominal, formal, or technical interest in, or connection with, the action. See Delio v. Earth Garden Florist, Inc.,28 Conn. App. 73, 78 (1992) (citations omitted). In determining the real party in interest courts must look beyond the nominal party whose name appears of record and consider the legal questions raised as they may affect the real party in interest." See also Sadloski v.Town of Manchester, 228 Conn. 79, 84, 634 A.2d 888 (1993); UnisysCorp. v. Department of Labor, 220 Conn. 689, 693, 600 A.2d 1019
CT Page 4218 (1991).
It is evident that Conroy Development did assign its interests in the contract with the defendants to Litchfield Place before this action began, and that this joint venture is the real party in interest and entitled to pursue the present action. The decision to bring the present action in Conroy's Development's name was based on the fact that the contract with the defendants was in its name. The fact that Conroy Development failed to give written notice to the defendants of the assignment to Litchfield Place, and the implications of this failure for example, whether any damages have been sustained by the defendants as a result of lack of formal written notice, are different questions from whether Litchfield Place has standing to sue.
The defendants' motion to dismiss is denied.
So Ordered.
Dated at Stamford, Connecticut, this 21st day of April, 1995.
William B. Lewis, Judge