[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS #105
The defendant moves to dismiss counts one and three of the complaint on the grounds that failure to serve the Commission on Human Rights and Opportunities with a copy of the complaint in a subsequent civil action pursuant to General Statutes §46a-103 deprives the court of subject matter jurisdiction.
On December 23, 1996, the plaintiff, Luis Suarez, filed a complaint in the Superior Court against the defendant, State of Connecticut, Judicial Department, pursuant to General Statutes §§ 46a-60 and 31-290a for discrimination. The complaint was appropriately filed subsequent to receipt of a release of jurisdiction by the Commission on Human Rights and Opportunities ("CHRO") on September 27, 1996, which authorized the plaintiff to bring this civil action. CT Page 206
On December 23, 1996, the plaintiff filed a civil complaint and a summons was issued to the defendant which was returned to the court on December 24, 1996. On February 19, 1997, the defendant filed a motion to dismiss counts one, two, and three of the plaintiff's complaint, with a memorandum of law, on the ground that the court lacks subject matter jurisdiction for this action because the CHRO was not served pursuant to General Statutes § 46a-60. The defendant moved to dismiss counts five, six, seven, and eight on the ground that the court lacks subject matter jurisdiction based on the doctrine of sovereign immunity and exhaustion of administrative remedies.[1] On July 17, 1997, the plaintiff made service of the complaint upon the CHRO. On August 6, 1997, the plaintiff filed a memorandum in objection to the motion to dismiss counts one, two, and three.
"[T]he court, in deciding a motion to dismiss, must consider the allegations of the complaint in their most favorable light." (Internal quotation marks omitted.) Savage v. Aronson,214 Conn. 256, 264, 571 A.2d 696 (1990). "The motion to dismiss . . . admits all facts which are well pleaded, invokes the existing record and must be decided upon that alone . . . . Where, however . . . the motion is accompanied by supporting affidavits containing undisputed facts, the court may look to their content for determination of the jurisdictional issue and need not conclusively presume the validity of the allegation of the complaint." (Citation omitted; internal quotation marks omitted.) Barde v. Board of Trustees,207 Conn. 59, 62, 539 A.2d 1000 (1988). "The motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter . . ." (Internal quotation marks omitted.) Sadloski v.Manchester, 235 Conn. 637, 645-46 n. 13, 668 A.2d 1314 (1995). "Jurisdiction of the subject-matter is the power [of the court] to hear and determine cases of the general class to which the proceedings in question belong." Figueroa v. C S Ball Bearing,237 Conn. 1, 4, 675 A.2d 845 (1996). "Subject matter jurisdiction can be raised at any time . . . ." Gagnon v. Planning Commission,222 Conn. 294, 297, 608 A.2d 1181 (1992). "Once the question of lack of jurisdiction of a court is raised, [it] must be disposed of no matter in what form it is presented . . . and the court must fully resolve it before proceeding further with the case."Figueroa v. C S Ball Bearing,, supra, 237 Conn. 4.
"Where a decision as to whether a court has subject matter jurisdiction is required, every presumption favoring jurisdiction should be indulged." (Internal quotation marks omitted.) Woodward
CT Page 207v. Woodward, 44 Conn. App. 99, 102, 683 A.2d 1010 (1997); see also Cross v. Hudon, 27 Conn. App. 729, 733, 609 A.2d 1021 (1992) ("[a] trial court should make every effort to adjudicate the substantive controversy before it, and, where practicable, should decide a procedural issue so as not to preclude hearing the merits of an appeal").
General Statutes § 46a-103 provides: "The complainant or his attorney shall serve a copy of the complaint in an action brought in accordance with section 46a-100 on the commission at the same time all other parties in such action are served. Service on the commission shall be for the purpose of providing legal notice of the action and shall not thereby make the commission a necessary party to the action. The commission, through its counsel or the Attorney General may intervene as a matter of right in any action brought in accordance with section46a-100."
The defendant moves to dismiss the plaintiff's action on the ground that the court does not have subject matter jurisdiction because the plaintiff failed to simultaneously serve the complaint upon the CHRO pursuant to general Statutes §46a-103. The defendant claims that simultaneous service upon the CHRO is mandatory, not directory, pursuant to the statute, and thus, failure of such service is fatal to the action. Specifically, the defendant argues that the word "shall" in the statute regarding service upon the CHRO requires the court to find that simultaneous notice to the CHRO is mandatory, and because the action is a statutory right, failure to comply strictly with the language of the statute is a fatal flaw to the action requiring dismissal.
The plaintiff counters that the failure to serve the CHRO with the complaint simultaneously with service on the defendant is a circumstantial defect that is curable and does not deprive the court of subject matter jurisdiction. Specifically, the plaintiff argues that the purpose of service is only to give notice to the CHRO, and that the statute specifically provides that the CHRO is not made a necessary party by service of the complaint upon it. The plaintiff further argues that subsequent service upon the CHRO cured the defect, gave timely notice, and allowed the CHRO sufficient time to intervene before the close of pleadings.
"The fundamental objective of statutory construction is to CT Page 208 ascertain and give effect to the apparent intent of the legislature." (Internal quotation marks omitted.) ConceptAssociates. Ltd. V. Board of Tax Review, 229 Conn. 618, 622,642 A.2d 1186 (1994). "In determining the meaning of a statute, the statute must be considered as a whole, with a view toward reconciling its separate parts in order to render a reasonable overall interpretation." (Internal quotation marks omitted.)Broadley v. Board of Education, 229 Conn. 1, 6, 639 A.2d 502
(1994). "Furthermore, principles of statutory construction . . . require us to construe a statute in a manner that will not thwart its intended purpose or lead to absurd results." (Internal quotation marks omitted.) Concept Associates, Ltd. v. Board ofTax Review, supra, 229 Conn. 624. "The task of determining whether a particular provision is mandatory or directory involves the same criteria, namely, the statute's language, the legislative history and the statutory context." AngelseaProductions, Inc. v. Commission on Human Rights Opportunities,236 Conn. 681, 689, 674 A.2d 1300 (1996). "Definitive words, such as `must' or `shall,' ordinarily express legislative mandates of a nondirectory nature . . . . We have noted, however, that the use of the word `shall,' though significant, does not invariably establish a mandatory duty . . . . Therefore, we turn to . . . other . . . considerations in deciding whether [the statute] is directory or mandatory." (Citations omitted; internal quotation marks omitted.) Doe v. Statewide Grievance Committee,240 Conn. 671, 681, 694 A.2d 1218 (1997).
"The test we have adopted for determining whether such a statutory requirement is mandatory or directory is whether the prescribed mode of action is of the essence of the thing to be accomplished, or in other words, whether it relates to matter material or immaterial — to matter of convenience or of substance . . . . If it is a matter of convenience, the statutory provision is directory; if it is a matter of substance, the statutory provision is mandatory . . . . Stated another way, language is deemed to be mandatory if the mode of action is of the essence of the purpose to be accomplished by the statute; . . . but will be considered directory if the failure to comply with the requirement does not compromise the purpose of the statute." (Citations omitted.) Angelsea Productions, Inc. v.Commission of Human Rights Opportunities, supra, 236 Conn. 690.
Applying this test to the present case, simultaneous service upon the CHRO is not the essence of the purpose to be accomplished by the statute. The CHRO is not a necessary party, CT Page 209 and notice to the CHRO is secondary to the main purpose of the statute, namely providing for actions between private parties on the ground of discrimination by employers. Thus, the language is not mandatory. Simultaneous notice to the CHRO, a non-necessary party, is a matter of convenience, and failure to comply does not compromise the purpose of the statute if cured, thus, the language of the statute is directory.
Furthermore, the circumstances of the present case are similar to those in Demar v. Open Space ConservationCommission, 211 Conn. 416, 559 A.2d 1103 (1989), where the court did an in depth statutory analysis of General Statutes §22a-43 (a) which similarly calls for service upon the Commissioner of the Department of Environmental Protection for notice purposes only and specifically states that the commission is not served to be brought in as a necessary party. The court held that the failure to serve the commissioner did not deprive the court of subject matter jurisdiction. The court reasoned that although the statutes require that the commissioner be served notice, they specify, also, that the commissioner is not made a party to the action by the service. The court found that "[t]he commissioner not only is not a necessary party, but the statute does not even make him a party. It is clear, however, that the legislature by this language intended that the commissioner be given notice that an appeal had been taken. This . . . was . . . to permit the commissioner alone to make the decision to appear or not to appear as a party." Id., 427-28. In Demar v. Open Space andConservation Commission, supra, 211 Conn. 428, the court asked and answered the question that is the issue in the present case: "Does this [failure to notice the commissioner] truly deprive the trial court of subject matter jurisdiction? In this case, we think not. Arguing that 22a-43 (a), insofar as the commissioner is concerned, requires only that notice be given to the commissioner constitutes only a circumstantial defect and not a defect that flaws subject matter jurisdiction." Id. "The problem presented here is not, however, to be solved only by facile resort to such terms as `a circumstantial defect,' `a mere irregularity' or `a serious irregularity' . . . . While words acquire scope and function from the history of events which they summarize . . . we believe that in evaluating the defect complained of . . . the logic of [such] words should yield to the logic of realities." Id. 429. The court concluded that the defect was circumstantial and did not deprive the trial court of subject matter jurisdiction, "[t]hat to do otherwise would thwart the statutory purpose." (Citations omitted.) Id. "Common sense must CT Page 210 be used in the construction of a statute . . . . Legislative words are not inert, and derive vitality from the obvious purposes at which they are aimed." (Citations omitted.) Id., 426.
The present case, although similar to Demar v. Open Space Conservation Commission, supra, is not a case where the commission did not receive any notice, but, rather, the CHRO received notice before the close of pleadings. Thus, the CHRO has not been prejudiced or foreclosed from participating in the action if it chooses. Moreover, because the CHRO is not a necessary party, the trial court could enter a judgment without the commission as a party. The language of the statute suggests that the legislature intended that the CHRO be given notice that a complainant had pursued his rights and filed a civil action in a matter released by the CHRO. Furthermore, the statute provides in pertinent part that "[s]ervice on the commission . . . shall not thereby make the commission a necessary party to the action." (Emphasis added.) General Statutes § 46a-103. Accordingly, as long as the commission has adequate notice, even if not simultaneous with notice to the defendant, before the close of pleadings, providing sufficient time to intervene, such notice satisfies the intent of the legislature. Even if the CHRO had been timely served, its position would be no different than it is at present.
In the case of Peterson v. Woodside Circle Condominium Ass'n,Inc., Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 333572 (October 5, 1987, Hale, J.) (2 C.S.C.R. 1111, 1112), where statutory notice to the attorney general was required in CUTPA actions, the court found that "[t]he state [was] not a party to the initial action and may never be a party and the action should not be allowed to fail as between two private parties because of failure to give notice to the State immediately upon commencement of the action. So long as the State has notice of the action within a reasonable time so that it can perform its duties, i.e., examination of the complaint to see if it is necessary to intervene on behalf of the public, the statute is satisfied." In the present case, the commission's function is similar to that of the attorney general in Peterson. Once the CHRO releases jurisdiction and authorizes suit, the CHRO anticipates that the claimant will institute a civil action. It is not possible for the CHRO to participate as a party in every action that results from a release, nor is it necessary. The statutory purpose in the present case is satisfied because the CHRO received notice in sufficient time to intervene CT Page 211 if it chose. To date, the CHRO has not intervened.
The defendant's argument that the simultaneous notice is a substantial flaw that deprives the court of subject matter jurisdiction is based on a number of cases that are distinguishable from the present case. Those cases concern failures to comply with statutorily mandated prerequisites to filing a civil action, such as obtaining a release of jurisdiction from the CHRO. The plaintiff in the present case received a release from the CHRO. Other cases cited failed to find subject matter jurisdiction where the plaintiff failed to serve a necessary defendant within the statutory filing period. The plaintiff in the present case filed and served the complaint on the defendant within the statutory period. Further cases cited concern appeals of the CHRO's decisions where plaintiffs failed to comply with filing periods, or failed to cite all necessary parties, and where the CHRO itself was the primary defendant, and, thus, are not applicable to the present case.
We conclude that the failure to simultaneously notice the CHRO is a circumstantial defect subsequently cured by later notice. Accordingly the motion to dismiss is denied.
Hennessey, J.