[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
In this case, plaintiff, the Connecticut Department of Public Health ("DPH"), seeks enforcement of an order it issued to the defendant, the town of Westerly, Rhode Island ("Westerly").
The facts alleged in the DPH's November 25, 1997, Petition for Enforcement, are as follows. Westerly owns and operates the Westerly Water system, a water company that supplies water to residents of Stonington, Connecticut. The water system employs ground water sources to supply water to its customers. CT Page 11425
In 1995, DPH determined that several of these ground water sources were under the direct influence of surface water. Pursuant to § 19-13-B102(j)(2) of the Regulations of Connecticut State Agencies, systems with a ground water source under the direct influence of surface water must install and operate a filtration and disinfection facility designed to achieve specific levels of remediation as designated in the regulations. Accordingly, on May 22, 1995, DPH issued an order to Westerly requiring Westerly to submit and implement plans for a filtration and disinfection facility by certain deadlines. When Westerly failed to comply with this order, DPH filed this action pursuant to General Statutes § 25-36.[1]
On January 28, 1999, Westerly filed a motion to dismiss, asserting that the court lacked both subject matter jurisdiction and personal jurisdiction. After each party submitted memoranda of law, this court conducted a hearing on March 19, 1999. In light of the complexity of the issues raised at the hearing, this court subsequently issued an order on March 30, 1999, requesting that each party file a memorandum addressing specific issues. The parties each submitted two memoranda in response to the court's order.
Practice Book § 10-30, formerly § 143, provides that a motion to dismiss shall be used to assert, inter alia, lack of jurisdiction over the subject matter and lack of jurisdiction over the person. In general, "motions to dismiss must be made within thirty days of filing an appearance." Discover Leasing,Inc. v. Murphy, 33 Conn. App. 303, 307, 635 A.2d 843 (1993); see also Concept Associates. Ltd. v. Board of Tax Review,229 Conn. 618, 625, 642 A.2d 1186 (1994). Nevertheless, "[a] motion to dismiss for lack of subject matter jurisdiction may be made at any time." Practice Book Section 10-33; Stroiney v. Crescent LakeTax District, 205 Conn. 290, 294, 533 A.2d 208 (1987). A claim of lack of personal jurisdiction is, however, waived if not raised by a motion to dismiss filed within the thirty day period provided by the Practice Book. See Practice Book § 10-32, formerly § 144; see also Plasil v. Tableman, 223 Conn. 68, 72
n. 6, 612 A.2d 763 (1992).
"It is axiomatic that once the issue of subject matter jurisdiction is raised, it must be immediately acted upon by the court." Gurliacci v. Mayer, 218 Conn. 531, 545, 590 A.2d 914
(1991). Accordingly, the court must dispose of the subject matter CT Page 11426 jurisdiction issue before it can consider the issue of personal jurisdiction or any other matter.
"Subject matter jurisdiction involves the authority of a court to adjudicate the type of controversy presented by the action before it. . . . A court does not truly lack subject matter jurisdiction if it has competence to entertain the action before it . . . Once it is determined that a tribunal has authority or competence to decide the class of cases to which the action belongs, the issue of subject matter jurisdiction is resolved in favor of entertaining the action." (Citations omitted; internal quotation marks omitted.) Amodio v. Amodio, 247 Conn. 724, 727-28,724 A.2d 1084. "It is well established that, in determining whether a court has subject matter jurisdiction, every presumption favoring jurisdiction should be indulged." (Internal quotation marks omitted.) Id., 728. Moreover, to the extent that any statute is pertinent to the court's analysis of the issue of subject matter jurisdiction, such statute is to be read as favoring subject matter jurisdiction in the absence of a clear indication of legislative intent to limit it. See Doe v.Statewide Grievance Committee, 240 Conn. 671, 684, 694 A.2d 1218
(1997); Sivilla v. Philips Medical Systems of North America,Inc., 46 Conn. App. 699, 703, 700 A.2d 1179 (1997).
Before summarizing the parties' arguments regarding the issue of subject matter jurisdiction, it is necessary to explain briefly the legislative scheme under which this action arose. As its title suggests, the Safe Drinking Water Act (SDWA), 42 U.S.C. § 300f
et seq., was enacted to protect the public health by ensuring safe drinking water. Like other federal environmental acts,[2] the SDWA contemplates the regulation of drinking water by means of a partnership between the federal government and the states. Thus, under 42 U.S.C. § 300g-2 and 40 C.F.R. § 142.10, a state may be granted primary enforcement responsibility for public water systems in the state if it satisfies the United States Environmental Protection Agency (EPA) that the state has developed an adequate plan for the enforcement of the SDWA standards.[3]
Each party has filed several thoughtful memoranda, each of considerable length, in support of its position. In its memoranda, Westerly advances numerous arguments in support of its assertion that this court lacks subject matter jurisdiction over this dispute. To simplify, Westerly contends that the court cannot exercise jurisdiction in a dispute between the state of CT Page 11427 Connecticut and a municipality of Rhode Island based on the municipality's performance of a governmental function. Westerly also argues that while the state of Connecticut might have primary enforcement responsibility to implement the federal Safe Drinking Water Act with respect to water systems solely within Connecticut, the system involved in this state is not within Connecticut and is therefore only subject to enforcement of the SDWA by the federal government. Westerly also contends that this matter arises under federal law and should be brought in federal court. Finally, Westerly asserts that it is immune from suit in this state.
DPH, not surprisingly, strongly disagrees with each of Westerly's claims regarding subject matter jurisdiction. DPH contends that there is no barrier, based on "immunity or any other principal, that deprives the court from exercising jurisdiction in light of the fact that Westerly is providing drinking water to residents of this state. Such action, DPH argues, is a proprietary function rather than a governmental function. DPH disputes Westerly's claims that this action must be brought in federal court and that Connecticut's SDWA primary enforcement responsibility does not apply to Westerly's actions. Although DPH argues that the court can dispose of Westerly's motion to dismiss at the present time, it argues in the alternative that if the court should determine that there are issues of fact pertinent to the resolution of the issue of subject matter jurisdiction, DPH is entitled to conduct discovery to aid in establishing that the court has subject matter jurisdiction. See plaintiffs initial memorandum of law at pages 46-50. Among the most prominent disputed issues, it appears, are whether Westerly is engaged in a proprietary function in providing water to the residents of Connecticut and whether a contract exists imposing an obligation upon Westerly to provide water to said residents.
Without yet deciding the issue of subject matter jurisdiction, it is apparent to the court that some of Westerly's arguments are unmeritorious. For instance, the court is not persuaded that this case arises exclusively under federal law for the purpose of supporting federal question jurisdiction to the courts of the United States pursuant to 28 U.S.C. § 1331. SeeDepartment of Energy v. Ohio, 503 U.S. 607, 624-26, 112 5. Ct. 1627, 118 L.Ed.2d 255 (1992) (holding that an action under state statutes approved by the EPA and supplanting the Clean Water Act does not arise under federal law). Nonetheless, given the CT Page 11428 somewhat unusual circumstances of this case, and in light of considerations of comity, the court feels it is appropriate and prudent to permit DPH to clarify certain issues of fact which bear on the issue of whether the court has jurisdiction over the subject matter of this case.
Accordingly, the court grants DPH's request to be permitted to conduct discovery limited to factual issues that bear on this court's subject matter jurisdiction. See Practice Book Sections13-2, 13-3; General Statutes Section 52-148, et. seq. The court acknowledges Westerly's contention that the court may not permit discovery before determining if it has jurisdiction over the subject matter of this case. The court disagrees because "[A] court must have jurisdiction to determine its own jurisdiction once that has been put in issue." Castro v. Viera, 207 Conn. 420,430, 541 A.2d 1216 (1988). Where a motion to dismiss turns, in part, on a factual regarding the court's jurisdiction, the court must permit limited discovery and/or conduct an evidentiary hearing to determine the pertinent facts necessary to ascertain whether jurisdiction exists. See Standard Tallow Corp. v. Jowdy,190 Conn. 48, 56-58, 459 A.2d 503 (1983) (concluding that trial court erred in denying plaintiffs requests for discovery and an evidentiary hearing to establish facts pertaining to personal jurisdiction); Cross v. Hudon, 27 Conn. App. 729, 733-34,609 A.2d 1021 (1992) (concluding that trial court erred by failing to conduct an evidentiary hearing to determine facts relevant to issue of subject matter jurisdiction); Steeneck v. University ofBridgeport, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 133733 (February 9, 1994, Lewis, J.), affd on other grounds, 235 Conn. 572, 668 A.2d 688 (1995) (ordering an evidentiary hearing and permitting limited discovery on issue of subject matter jurisdiction). As the Appellate Court stated in Cross v. Hudon, 27 Conn. App. at 733,. . . . in some cases it may be necessary to examine the facts of the case to determine if it is within a general class the court has the power to hear."
DPH may therefore conduct discovery, but limited to those factual issues which bear on this court's subject matter jurisdiction, including but not limited to whether Westerly is engaged in a proprietary act in providing water to residents of Connecticut. The parties are ordered, in good faith, to attempt to establish guidelines relating to the appropriate scope of discovery. Should a dispute arise, it should be brought to the court's attention immediately. CT Page 11429
In any event, the parties are ordered to report back to the court, jointly and in writing, by no later than October 22, 1999, regarding the status of discovery, and their view on the necessity of an evidentiary hearing relating to the issue of subject matter jurisdiction. Only after the Court has ruled on the subject matter jurisdiction issue will it turn to the issue of personal jurisdiction, and other matters.
Douglas S. Lavine Judge, Superior Court